UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TABITHA H.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C21-5758-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income.[1] Plaintiff contends that the administrative law judge ("ALJ") erred by discounting her testimony, lay statements, and certain medical opinions, and that the step-five findings are not supported by substantial evidence. (Dkt. # 13 at 1-2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

Plaintiff was born in 1971; has an associate's degree and vocational training in heavy

---

[1] Plaintiff had also applied for Disability Insurance Benefits, but voluntarily withdrew that claim at the administrative hearing. *See* AR at 17.

1    equipment, masonry, and carpentry; and has worked as a janitor, dive suit manufacturer, pet store

2    assistant manager, fence laborer, and seafood processor. AR at 56, 286, 296. Plaintiff was last

3    gainfully employed in June 2012. *Id.* at 295.

4         In December 2018, Plaintiff applied for benefits, with an amended alleged disability date

5    of December 5, 2018. AR at 16, 239-47. Plaintiff's applications were denied initially and on

6    reconsideration, and Plaintiff requested a hearing. *Id.* at 142-48, 151-58. After the ALJ

7    conducted a hearing in October 2020 (*id*. at 42-93), the ALJ issued a decision finding Plaintiff

8    not disabled. *Id.* at 16-35.

9         As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

10   Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the

11   Commissioner to this Court. (Dkt. # 4.)

12              **III.    LEGAL STANDARDS**

13        Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

14   security benefits when the ALJ's findings are based on legal error or not supported by substantial

15   evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

16   general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

17   ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

18   (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

19   alters the outcome of the case." *Id*.

20        "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

21   relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

22   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

23   Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Harmfully Err in Assessing Plaintiff's Testimony

The ALJ summarized Plaintiff's testimony and explained that she discounted it because: (1) Plaintiff's allegations were not corroborated by objective medical evidence; (2) Plaintiff made inconsistent statements about her symptoms, abilities, and substance use; and (3) Plaintiff did not always comply with treatment recommendations. AR at 24-31. Absent evidence of malingering, an ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ failed to identify meaningful inconsistencies in her testimony, and failed to consider why she did not comply with treatment. (Dkt. # 13 at 13-14.) The Court will consider each of these challenges in turn.

#### 1.   Inconsistent Statements

First, Plaintiff contends that the ALJ cited evidence wherein she disclaimed any social activities, but claimed that it showed she socialized. (Dkt. # 13 at 13 (citing AR at 355).) Plaintiff is mistaken: the ALJ cited another page of this exhibit wherein Plaintiff described visiting with friends every other month, and cited other evidence referencing other social activities. AR at 30 (citing *id.* at 354, 697 (Plaintiff reports celebrating her birthday with a friend), 375 (Plaintiff's friend's statement that she sees Plaintiff a couple of times per month and they go out for lunch or

go shopping)). That Plaintiff denied going shopping, out to lunch, or to a spa with friends (*id*. at 355) does not show that the ALJ erred in finding inconsistencies in the record regarding the extent of Plaintiff's socializing, particularly because Plaintiff's friend described going out to lunch and shopping with Plaintiff. *See* 20 C.F.R. § 416.1529(c)(4) ("We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled.").

Next, Plaintiff questions whether her failure to disclose her marijuana use to her providers would have made any difference to her treatment. (Dkt. # 13 at 14.) Plaintiff cites no authority requiring that an ALJ demonstrate that an inconsistent report impacted a treatment plan before it can be found relevant, and the Court is not aware of any. Instead, the Court is aware of cases finding that inconsistent reporting regarding substance use is a clear and convincing reason to discount a claimant's testimony. *See, e.g.*, *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (affirming an ALJ's reliance on claimant's inconsistent statements about alcohol use to reject his testimony).

Plaintiff goes on to dispute whether there is any inconsistency between her statements and her husband's statements regarding housework and grocery shopping. The ALJ noted that Plaintiff testified at the hearing that she relies on her husband to perform all of the household responsibilities (AR at 29 (referencing *id*. at 73-74)), but that she told a provider that her husband is "always at work[,] even on weekends." *See id*. at 1435. That statement alone does not establish that Plaintiff in fact completed household chores, but the ALJ also cited other evidence where she did report an ability to do so. *See id*. at 29 (citing *id*. at 280-81 (Plaintiff reported an ability to prepare meals, do laundry, shop for groceries every other week), 310 (Plaintiff reported an

ability to prepare meals, clean dishes, do laundry), 311 (Plaintiff reported an ability to shop for groceries twice a month), 588 (Plaintiff reported an ability to do "a few chores", namely cooking one meal per day and cleaning dishes)). Plaintiff testified that her ability to complete household chores and shop for groceries declined over time, however, which could explain the discrepancies in her statements. *See id*. at 73-74. In any event, even if the ALJ overstated the extent of the inconsistency in Plaintiff's statements regarding her ability to manage household responsibilities, the ALJ identified other valid inconsistencies that support the ALJ's finding in this regard and render any error harmless.

Lastly, Plaintiff asserts that the ALJ's focus on the differing explanations Plaintiff provided as to why she cannot drive or leave her house alone either miss the point or are trivial. (Dkt. # 13 at 13.) The ALJ noted that Plaintiff at one point claimed she could not drive because sitting caused pain, but then testified that she could not drive because her feet are numb. AR at 30. The ALJ also emphasized that Plaintiff stated that she does not leave her house alone due to a risk of falling, but also reported that she cannot go out alone due to shortness of breath. *Id*. The statements identified by the ALJ are not inconsistent because the explanations provided are not mutually exclusive. It is unreasonable to assume that there is only one factor limiting Plaintiff's ability to drive or leave her house alone. But again, because the ALJ provided valid examples of inconsistencies in Plaintiff's testimony, the Court will not disturb this line of reasoning.

### 2. *Treatment Compliance*

The ALJ found that Plaintiff's failure to take certain medications as prescribed, failure to comply with alcohol/diet recommendations, failure to stop smoking as recommended, repeated declining of sleep apnea treatment for reasons unsupported by the record, and failure to follow

through on a physical therapy referral undermine the reliability of Plaintiff's allegations and suggest that her conditions were not as limiting as alleged. AR at 30-31.

Plaintiff argues that in order for an ALJ to properly rely on a failure to comply with treatment as a reason to discount a claimant's testimony, an ALJ must show that the treatment would have restored her ability to work and that she had no good cause for her failure to comply with treatment. (Dkt. # 13 at 14 (citing Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304 (Oct. 25, 2017)).) SSR 16-3p indeed requires an ALJ to consider and address a claimant's "reasons for not pursuing treatment that are pertinent to an individual's case[,]" but Plaintiff has not identified any such reasons in her briefing and the Court will not comb the record to search for potential explanations for Plaintiff's failure to comply with multiple treatment recommendations.

Furthermore, SSR 16-3p does not require that the treatment recommendation would be necessarily expected to restore a claimant's ability to work, but only that it "might improve symptoms[.]" 2017 WL 5180304, at *9 ("[I]if the frequency of extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record."). The ALJ cited evidence that Plaintiff's providers believed various treatment or modifications would improve Plaintiff's symptoms, and Plaintiff has not pointed to evidence to the contrary. AR at 30-31.

Because Plaintiff has failed to establish harmful legal error in the ALJ's assessment of her testimony, the Court declines to disturb this portion of the ALJ's decision.

1    **B.     The ALJ Did Not Err in Discounting Certain Medical Opinions**

2          Plaintiff argues that the ALJ erred in discounting opinions written by Andrew Tsoi, M.D.,

3    and Shirley Deem, M.D.[2] The Court will address each disputed opinion in turn.

4          *1.     Legal Standards*

5          Plaintiff contends the ALJ erred in assessing the medical opinion evidence. Because

6    Plaintiff filed her claim after March 27, 2017, new regulations apply to the ALJ's evaluation of

7    medical opinion evidence. The new regulations still require ALJs to explain their reasoning with

8    specific reference to how they considered the supportability and consistency factors, 20 C.F.R.

9    § 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social*

10   *Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court

11   must, moreover, continue to consider whether the ALJ's analysis has the support of substantial

12   evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

13         *2.     Dr. Tsoi*

14         Dr. Tsoi completed a DSHS form opinion describing Plaintiff's physical symptoms and

15   limitations in October 2018, and the record contains Dr. Tsoi's contemporaneous examination

16   notes as well. AR at 454-61. Dr. Tsoi concluded that Plaintiff is "not a candidate to rejoin the

17   work force anytime soon, - or ever. She is massively obese, with severe lumbar scoliosis,

18   [degenerative joint disease] and multi-level disc disease." *Id*. at 460.

19         The ALJ found that although Dr. Tsoi attributed Plaintiff's inability to work to her

20   obesity, such an opinion was inconsistent with the Commissioner's evaluation of obesity under

21

22   _____

23   [2] In the reply brief, Plaintiff also suggests that the ALJ erred in discounting State agency opinions for the same reasons she discounted the opinions of Drs. Tsoi and Deem. (Dkt. # 18 at 5.) But the ALJ did not reject any part of the State agency opinions, and instead found Plaintiff to be more restricted than the consultants found her to be, in light of more recent evidence. AR at 32-33. Any suggestion that the ALJ treated all of the medical opinions similarly does not accurately reflect the ALJ's decision.

SSR 19-2p because obesity cannot be considered a severe impairment on its own. AR at 31. The ALJ also found Dr. Tsoi's conclusion inconsistent with his examination findings, which indicated no neurological defects. *Id*. at 31-32. The ALJ also found that Dr. Tsoi's opinion was inconsistent with evidence showing that Plaintiff's conditions were managed effectively with conservative treatment and that she regularly demonstrated normal gait and no abnormalities as to her heart or lungs. *Id*. at 32.

Plaintiff raises several challenges to the ALJ's assessment of Dr. Tsoi's opinion. First, Plaintiff disagrees with the ALJ as to whether obesity can be a severe impairment. (Dkt. # 13 at 7.) The Court agrees that the ALJ appears to have misunderstood SSR 19-2p, because it explicitly provides that obesity can constitute a severe impairment. *See* 2019 WL 2374244, at *3-4. This error is harmless, however, because the ALJ herself listed Plaintiff's obesity as a severe impairment at step two. *See* AR at 20.

Next, Plaintiff argues that the ALJ erred in finding Dr. Tsoi's opinion inconsistent with other evidence in the medical record because the ALJ is not a medical expert. (Dkt. # 13 at 7-8.) But the regulations and case law instruct and authorize an ALJ to consider whether a medical opinion is consistent with the medical evidence, despite the ALJ's lack of medical training. *See, e.g.*, 20 C.F.R. § 416.920c(c); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province"). Plaintiff has not shown that the ALJ's characterization of the record is inaccurate or unreasonable, and thus has not met her burden to show harmful legal error in the ALJ's assessment of Dr. Tsoi's opinion.

3.    *Dr. Deem*

Dr. Deem performed a consultative examination of Plaintiff in May 2019 and wrote a narrative report describing her symptoms and limitations. AR at 583-91. Dr. Deem found that Plaintiff was limited to two hours per day of standing, and would need to alternate between sitting and standing. *Id*. at 590. Dr. Deem limited Plaintiff to frequent reaching and manipulative activities. *Id*. at 591.

The ALJ found Dr. Deem's opinion to be partially persuasive. AR at 32. The ALJ found that the extent of the physical limitations described by Dr. Deem was not consistent with Plaintiff's normal gait, intact range of motion, and intact neurological functioning, and was also inconsistent with Plaintiff's improvement with conservative treatment and weight loss. *Id*. Lastly, the ALJ noted that the manipulative limitations Dr. Deem identified were not supported by any findings either in her own examination or the remainder of the record. *Id*.

Plaintiff argues that the ALJ's reasons to discount Dr. Deem's opinion are the same as the reasons to discount Dr. Tsoi's opinion, and are similarly erroneous. (Dkt. # 13 at 9-10.) For the reasons explained with respect to Dr. Tsoi's opinion, however, the Court finds that Plaintiff has not shown that the ALJ erred in looking to the medical record to evaluate the consistency and supportability of Dr. Deem's opinion. Again, the Court finds that Plaintiff has not shown that the ALJ erred in characterizing the record, and thus has failed to show that the ALJ harmfully erred in discounting Dr. Deem's opinion.

**C.    The ALJ Did Not Err in Assessing Lay Evidence**

The record contains three lay statements, written by a DSHS case worker, Plaintiff's friend, and Plaintiff's husband. AR at 305-07, 373-75, 380-82. The ALJ summarized the case worker's observations of Plaintiff during her interview, and indicated that Plaintiff did not

"exhibit this level of debilitation during physical examinations." *Id*. at 32. The ALJ found the letters written by Plaintiff's friend and husband to be inconsistent with the medical evidence showing that Plaintiff's conditions are effectively managed with medication and that she had an unremarkable gait during examinations.[3] *Id*. at 33.

Plaintiff argues that the ALJ's reasons to discount the lay statements are not germane, as required in the Ninth Circuit.[4] *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). According to Plaintiff, the ALJ discounted the lay statements on essentially the same grounds that she discounted the challenged medical opinions, and the reasoning fails here for the same reasons it failed there. (Dkt. # 13 at 10-12.)

This argument fails to establish error in the ALJ's discounting of the lay statements, because an ALJ properly considers whether lay statements are consistent with the medical record. *See, e.g.*, *Bayliss*, 427 F.3d at 1218. Because Plaintiff has not shown that the ALJ's characterization of the medical record is inaccurate, Plaintiff has not shown that the ALJ harmfully erred in discounting the lay statements as inconsistent with the medical evidence.

### D.   The Step-Five Findings Are Not Supported by Substantial Evidence

At step five, the Commissioner bears the burden to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national

---

[3] In Plaintiff's reply brief, she specifically takes issue with the ALJ's finding that her friend's letter was inconsistent with evidence showing that her depression was controlled with medication. (Dkt. # 18 at 7.) In the brief, Plaintiff contends that the ALJ found that there was "no evidence of depression in the record," but that overstates the ALJ's finding. *See* AR at 33. The ALJ discussed the depression-related evidence at length at step two, in finding that depression was medically determinable but not a severe impairment, and Plaintiff does not challenge this finding. *See id*. at 22-23. Thus, Plaintiff's contention that the ALJ "ignored" evidence of her depression (dkt. # 18 at 7) lacks merit.

[4] The Commissioner argues that the new regulations do not require the ALJ to explicitly assess lay statements. (Dkt. # 15 at 13.) Here, the ALJ did explicitly assess the lay statements and provided reasons to discount them, which the Court reviews for substantial evidence.

1  economy. 20 C.F.R. § 416.960(c)(2).

2       At the administrative hearing in this case, the vocational expert ("VE") referenced a

3  number of jobs by Dictionary of Occupational Titles ("DOT") codes that would be consistent

4  with the limitations included in the ALJ's hypothetical and testified as to the prevalence of those

5  jobs in the national economy. AR at 83-92. Plaintiff's counsel asked for clarification as to the

6  source used to derive the VE's job numbers, and the VE testified that the source she uses does

7  not identify job numbers according to a discrete DOT codes, but instead provides numbers for

8  aggregated groups of jobs according to the Standard Occupational Classification ("SOC")

9  system. *Id*. at 87-92. The VE clarified that the numbers she provided represented the number of

10  full-time jobs in a particular SOC group that match the skill and exertional level of the ALJ's

11  hypothetical, but that her numbers do not correspond to discrete DOT codes. *See id*. She stated

12  that one of the SOC groups at issue in her testimony represented the job numbers for 1,589

13  occupations. *Id*. at 88.

14       In the decision, the ALJ characterized the VE's testimony as identifying three jobs by

15  DOT code that exist in significant numbers in the national economy. AR at 34-35. Plaintiff

16  argues that the ALJ failed to meet the Commissioner's burden to show that the step-five jobs

17  exist in significant numbers because the VE admitted that the numbers she identified do not

18  correspond to the discrete jobs listed at step five, but instead pertain to SOC groups. (Dkt. # 18 at

19  8.) The Court agrees, and finds that the Commissioner's brief egregiously misrepresents the

20  VE's testimony on this point. (Dkt. # 15 at 16 ("In explaining the numbers, the [VE] repeatedly

21  testified that the numbers were for specific DOT codes and not SOC groups. [AR at] 87-91.").)

22  The VE testified to precisely the opposite of what the Commissioner contends: the VE repeatedly

23  testified that her job numbers did *not* correspond to specific DOT codes. AR at 87-92. Because

the VE admitted that the job numbers she provided did not correspond to particular DOT codes, the ALJ's finding that the inspector/hand packager, office helper, and routing clerk jobs exist in significant numbers (*id*. at 35) is not supported by substantial evidence, and this is reversible error. *See, e.g.*, *Haile v. Comm'r of Social Sec. Admin.*, 2016 WL 614428, at *7 (D. Or. Feb. 14, 2016) (finding that where a VE admits that numbers pertain to SOC groups rather than discrete jobs, an ALJ's step-five findings lacks the support of substantial evidence).

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the step-five findings and any other part of the decision as necessary in light of the updated record.

Dated this 25th day of March, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 12